UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DIANE DOUGHERTY,                                  :

                Plaintiff,                      :

           -against-                              :
                                               **MEMORANDUM and ORDER**
SEARS HOLDINGS CORPORATION, SEARS         :
ROEBUCK AND CO. and KMART CORPORATION,               12 Civ. 6604 (KNF)
                                                    :
                Defendants.
------------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      This negligence action was commenced in the New York State Supreme Court, Bronx County; thereafter, it was removed to this court by the defendants, pursuant to 28 U.S.C. § 1441. In their notice of removal, the defendants maintain that the action "is one of which the District Courts have original jurisdiction under 28 U.S.C. § 1332." According to the defendants, "[t]here is complete diversity between Defendant . . . Kmart and Plaintiff. In addition, upon information and belief, the amount in controversy exceeds $75,000. [Defendants' counsel] requested that plaintiff's counsel cap damages at that amount. Plaintiff's counsel has refused to sign the stipulation."

      The verified complaint the plaintiff filed in the state court does not identify the amount in controversy. However, on November 30, 2012, the plaintiff filed a document in this court styled, "Plaintiff's Initial Disclosure Pursuant to Rule 26(1)(A)," in which she computes her damages and reports that they total $70,000. A telephonic conference was held with counsel to the respective parties on December 11, 2012. During that conference, counsel to the plaintiff confirmed that the damages sought by the plaintiff, through this action, are $70,000.

      "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between – (1) citizens of different states." 28 U.S.C. § 1332(a). Furthermore, "[i]t is a fundamental precept that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374, 98 S. Ct. 2396, 2403 (1978). Moreover, "[t]he Supreme Court has held that the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy." Lupo v. Human

Affairs Int'l, Inc., 28 F.3d 269, 273 (2d Cir. 1994) (citation omitted). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendants' notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." Id. at 273-74.

As noted above, the burden is on the defendants to establish that removal is proper. See Lupo, 28 F.3d at 273. The defendants' assertion that, "upon information and belief," the amount in controversy exceeds $75,000, simply because the plaintiff's counsel refused to enter into a stipulation to cap damages, does not satisfy the defendants' burden, since neither a conclusory statement that the amount in controversy exceeds the sum specified in 28 U.S.C. § 1332, see Gilman v. BHC Securities, Inc., 104 F.3d 1418, 1428 (2d Cir. 1997), nor a "mere averment" is enough to satisfy that burden. McNutt v. McHenry Chevrolet, 298 U.S. 178, 189, 56 S. Ct. 780, 785 (1936). Furthermore, the defendants' assertion about the amount in controversy is undermined by the plaintiff's written submission to the court, in which she says her damages are $70,000, and her counsel's oral confirmation of that damages amount during the December 11, 2012 conference.

Based on the record before it, and mindful that "federal courts construe the removal statute narrowly, resolving any doubts against removability[,]" Lupo, 28 F.3d at 274, the Court finds that: (1) the defendants have not satisfied their burden of establishing that the amount in controversy exceeds $75,000; and (2) this action was removed improperly from state court. Accordingly, this action is remanded to the state court from which it was removed, the New York State Supreme Court, Bronx County.

Dated: New York, New York   SO ORDERED:
December 12, 2012

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE